UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CHRISTOPHER LOUINIS,

                                         Plaintiff,

          -against-

THE CITY OF NEW YORK, POLICE OFFICER
KRUYTHOFF FORRESTER (tax # 926840), SERGEANT
RICARDO OTERO (tax # 925867), POLICE OFFICER
CARLOS ANTON (tax # 948621), FORMER POLICE
OFFICER MATTHEW BURCZYK,

                                         Defendants.

**SECOND AMENDED COMPLAINT**

15 CV 1014 (SJ) (RML)

Jury Trial Demanded

------------------------------------------------------------------------ x

        Plaintiff CHRISTOPHER LOUINIS, by his attorney RICHARD CARDINALE, alleges as follows:

**PRELIMINARY STATEMENT**

        1.     This is a civil rights action in which the plaintiff alleges that the City of New York and several New York City Police Officers of the 73rd Precinct violated his rights under 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution by falsely arresting him and denying him a fair trial. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

**JURISDICTION & VENUE**

        2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## PARTIES

5. Plaintiff is a resident of the State of New York, County of Kings.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. The individual defendants are members of the New York City Police Department ("NYPD"). The individual defendants acted under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein. The individual defendants are sued in their individual capacities.

## STATEMENT OF FACTS

8. On January 13, 2013, at approximately 3:00 a.m., plaintiff was a passenger in a car that contained his brother Roody Louinis, who was driving, and plaintiff's friends Quamel Burton and Calvin Teflair.

9. Roody Louinis was driving Quamel Burton to Brookdale Hospital because Burton's young child had been admitted to the hospital that night for emergency medical care.

10. Several New York City Police Officers, including Kruythoff Forrester, Ricardo Otero, Carlos Anton and Matthew Burczyk ("defendants"), stopped the car for no reason in the vicinity of Bristol Street and Livonia Avenue in Brooklyn.

11. The defendants searched plaintiff and did not find anything illegal on him.

2

12. The defendants searched the other members of the group and the car and claimed to have found marijuana on the driver's side floor.

13. Plaintiff was never in actual or constructive possession of marijuana, no marijuana was found anywhere near him, any marijuana allegedly recovered by the police was not in plain view, and plaintiff did not know whether anyone in the car with him was in possession of marijuana.

14. The defendants, in an effort to increase their arrest numbers and earn overtime compensation, arrested the entire group, even those who were not in actual or constructive possession of marijuana.

15. Even though no marijuana was found on or near plaintiff, Officer Forrester, with the approval of the other defendants, charged plaintiff with possession of marijuana. The officers charged Roody Louinis, Quamel Burton and Calvin Teflair with possession of marijuana as well.

16. After the arrest paperwork for the four men was completed, the NYPD took them to Brooklyn Central Booking.

17. While plaintiff was held in Brooklyn Central Booking, Officer Forrester, with the approval of the other defendants, misrepresented to the Kings District Attorney's Office that plaintiff was found in possession of marijuana that they claimed to have recovered on the driver's side floor.

18. The Kings District Attorney's Office decided that they were going to decline prosecution of every member of the group except for the person who was driving.

19. Confusing plaintiff with his brother Roody Louinis, the District Attorney's Office decided to prosecute plaintiff as the alleged driver and declined prosecution of Roody, Quamel Burton and Calvin Teflair.

20. Shortly thereafter, Officer Forrester, with the approval of the other defendants, signed a criminal court complaint falsely charging plaintiff with possession of marijuana and misrepresenting that plaintiff was the driver of the car.

21. Approximately 24 hours after his arrest, plaintiff was arraigned in Criminal Court on a false charge of possession of marijuana. Plaintiff was released on his own recognizance.

22. Plaintiff was required to appear in Criminal Court several times after his arraignment.

23. On June 13, 2013, plaintiff appeared in Criminal Court and the marijuana charge was adjourned in contemplation of dismissal.

24. As a result of the defendants' actions, plaintiff suffered a loss of liberty, the pains of incarceration, emotional distress, fear, anxiety, sadness, embarrassment and humiliation.

## FIRST CLAIM

### (§ 1983; FALSE ARREST)

(Against All Defendants)

25. Plaintiff repeats the foregoing allegations.

26. Defendants intended to confine the plaintiff, plaintiff was conscious of his confinement, plaintiff did not consent to his confinement and plaintiff's confinement was not privileged.

4

27. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (§ 1983; DENIAL OF A FAIR TRIAL)

(Against All Defendants)

28. Plaintiff repeats the foregoing allegations.

29. Defendants maliciously misrepresented to prosecutors that plaintiff was found in possession of marijuana.

30. Defendants' misrepresentations deprived plaintiff of liberty.

31. Accordingly, defendants are liable to plaintiff under the Sixth Amendment for denying plaintiff a fair trial.

## THIRD CLAIM

### (§ 1983; FAILURE TO INTERVENE)

(Against All Defendants)

32. Plaintiff repeats the foregoing allegations.

33. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the Fourth and Sixth Amendments, but they failed to fulfill their constitutional obligation to intervene.

34. Accordingly, defendants are liable to plaintiff under the Fourth and Sixth Amendments for failing to intervene to prevent the violation of plaintiff's rights under those amendments.

# FOURTH CLAIM

## (*MONELL* CLAIM)

(Against the City of New York)

35. Plaintiff repeats the foregoing allegations.

36. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

37. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

38. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

39. At least one federal court has recognized that there is widespread falsification by members of the NYPD. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

40. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

41. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Attorney's fees and costs;

    d.    Such other and further relief as the Court may deem just and proper.

DATED: October 26, 2015

_____/s/_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391